# Bailey v. Wilson.

March 7, 1950.

Ray C. Lewis, Judge.

Judgment reversed.

J. R. Llewellyn for appellant.

Chas. Smith and Roy W. House for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellant, plaintiff below, and appellee on December 14, 1945, entered into written contract whereby the latter sold to Bailey certain growing timber on described boundaries owned by appellee. The agreed price was $11,000, $4,000 paid at the time of contract, the balance to be paid "after sawing begins on the upper place." Other parts of the contract pertinent to the question presented are that Bailey was to have three years time in which to "cut said timber should no unforeseen contingencies arise to prevent him from doing so sooner." Second party (Bailey) agreed to remove all timber, cord wood, etc., and to start operating as soon as possible after equipment was available "and continue as speedily as possible until the timber and lumber is removed from the premises and the contract is terminated."

On February 28, 1949 Bailey filed suit seeking to have the court adjudge him the owner and entitled to the possession of 550 or more logs, mostly oak which had been severed and were still on the premises of appellee. He alleged that appellee was unlawfully holding them. He alleged the value to be more than $500.

Appellee by answer and counterclaim denied all allegations of the petition; alleged that appellant was negligent in his operations, and did not meet the terms of the contract by proceeding to operate as "speedily as possible after equipment was available." However, as we view his pleading, the main contention is contained in the following: "Now, the defendant states that although it is not stated in the contract in words, time

was of the essence of said contract, and the moving consideration was that the timber in said contract would be removed as speedily as possible. The intent and purpose of the language is and was that said timber was to be removed within three years from the date of the contract.'' He asked that he be declared the owner of the logs in controversy.

This brought a reply in which appellant alleged that he was unable to cut and remove the timber within the prescribed period by reason of ''unforeseen contingencies.'' These were, that for several months he was unable to procure necessary equipment, particularly a saw that would do the work properly. Soon after he began operations the U. S. War Department ''froze'' the sale of timber; this situation existed for several months. He had procured a prospective purchaser for oak timber which had been cut, but appellee would not allow the prospective buyer to come on the premises for purpose of inspection. This situation lasted three weeks when appellant found another purchaser, who agreed to take the timber and by agreement (as shown by proof) he paid appellee the balance due on the contract price and took the lumber. He also pleads that due to extreme cold weather timber was frozen, making it impossible to cut; heavy spring and early summer rains during the period, and impassable roads made it impossible to transport the timber. The court overruled demurrer to this reply and it was controverted of record.

A jury was impaneled and plaintiff and his wife testified, and at this point it may be said he substantiated in the main the allegations of his reply, showing that more than one year's time was lost by reason of failure to get proper equipment, and what appellant terms ''unforeseen contingencies.'' At the close of plaintiff's testimony counsel for defendant moved for a directed verdict; this motion was sustained, and the jury under direction of the court found for the defendant. The court then adjudged that the plaintiff ''is not entitled to an extension of time'' on account of the matters set out in his reply. The court in his judgment construes said contract as follows: ''There was a sale of only so much timber as could be cut and removed from defendant's premises within the three years from December 14, 1945.'' Apparently this was the sole basis for the per-

430

emptory instruction and the judgment to the effect that defendant was the owner of all timber or logs left on the premises after that date.

We do not agree to that construction since the contract nowhere provides for the removal of timber either in the prescribed period or as speedily as possible. The court apparently overlooked the issues raised by appellee's answer or by appellant's reply thereto, and which issues would have been submissible to a jury had defendant offered such proof as would have warranted a submission.

We need not go into the discussion of the law in respect of the rights of parties in such contracts as this, as to the character of timber after being cut, or as to what acts or circumstances constitute unforeseen contingencies, or reasonable time when the contract does not fix a particular time for cutting or removing timber, all of which are extensively discussed in briefs filed by both parties. What we do conclude is that the court was in error in sustaining defendant's motion for a directed verdict, hence the judgment is reversed with directions to grant a new trial, and if the proceedings take the same course as herein manifested and the proof be the same, the court should sustain a motion, if one be made by plaintiff, for a directed verdict in his favor.

Judgment reversed.